**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GUANGO F. CORREA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>THOMAS CARROLL,[1] et al., )<br>)<br>Respondents. ) | Civ. Act. No. 07-151-JJF |

**ANSWER**

Pursuant to the Rules Governing § 2254 Actions, 28 U.S.C. foll. § 2254, Respondents state the following in response to the petition for writ of habeas corpus:

On May 9, 2002, Guango Correa and another adult male went to the mobile home of Clifford Messick in Magnolia, Delaware and knocked on the door; when Messick answered the door, they asked to use his telephone. On previous occasions, Messick had engaged in sexual activity with Correa. The three went into Messick's bedroom, but Messick declined to engage in sexual activity on this occasion. After approximately half-an-hour, Correa and the other person then left the bedroom. Correa grabbed Messick's wallet from the dryer located in a hallway. Correa then punched Messick about his head, knocking Messick to the floor. Correa then kicked Messick in the side and abdomen and fled the scene. As a result of the assault, Messick suffered cuts and bruises to his head and face, as well as the loss of one of his teeth.

On May 21, 2002, Delaware State Police arrested Correa. (D.I. 1).[2] On July 1, 2002, the grand jury indicted Correa on the charges of robbery in the first degree (11 *Del. C.* § 832),

---

[1] Correa has been released from the Delaware Correctional Center and thus is no longer in the custody of Warden Thomas Carroll. Correa is now a probationer, and Noreen Renard, Chief of the Bureau of Community Corrections, should therefore be substituted as named Respondent.

[2] "D.I." references in this section are to the Superior Court's docket items (ID No. 0205013182).

assault in the second degree (11 *Del. C.* § 612), and conspiracy in the second degree (11 *Del. C.* § 512). (D.I. 3). On November 18, 2002, Correa pled guilty to the charge of assault in the second degree, in exchange for which the prosecution dismissed the balance of the indictment. (D.I. 25). On February 25, 2003, Superior Court sentenced Correa to 5 years at level V (with credit for 152 days previously served), suspended after serving 2 years for 9 months at level IV, followed by decreasing levels of probation. (D.I. 29). Correa filed two untimely appeals of his conviction and sentence that the Delaware Supreme Court dismissed. *Correa v. State*, 2003 WL 22840053 (Del. Nov. 24, 2003); *Correa v. State*, 2004 WL 2743522 (Del. Nov. 16, 2004).[3]

Following Correa's release from prison, on February 23, 2005, the Department of Correction ("DOC") charged Correa with violating the conditions of his probation. (D.I. 128). On April 22, 2005, Superior Court found Correa guilty of violating his probation and sentenced him to 3 years at level V, suspended after 1 year for 18 months at level III. (D.I. 131). Correa filed an appeal of this VOP that the Delaware Supreme Court dismissed as untimely. *Correa v. State*, 2006 WL 58585 (Del. Jan. 9, 2006).

Upon his release from incarceration, Correa took up residence with his father, Elbert Johnson in Magnolia, Delaware. Between June 9, 2006 and June 29, 2006, Correa removed eight checks from his father's checkbook, wrote out checks payable to himself, forged his father's name, and cashed the checks at the First National Bank of Wyoming. Correa's arrest on July 12, 2006 for these new crimes formed the basis for his violation of probation on his assault sentence. (D.I. 164). As a result of the new criminal charges,[4] on July 27, 2006, Superior Court

---

[3] The Delaware Supreme Court previously dismissed for lack of jurisdiction another appeal by Correa from the findings of a Superior Court Commissioner concerning a motion for post-conviction relief. *Correa v. State*, 2003 WL 22227568 (Del. Sept. 26, 2003).

[4] Correa eventually pled guilty to a single count of identity theft, and was sentenced to 8 years at level V, suspended after 6 months for 1 year at level III probation. *See State v. Correa*, ID No. 0607006146 (Del. Super. Ct. Aug. 9, 2006).

found Correa guilty of a violation of probation for a second time and sentenced him to 2 years at level V, suspended after 30 days for 6 months at level IV, followed in turn by 1 year at level V. (D.I. 163). Correa appealed the VOP, but the Delaware Supreme Court dismissed the appeal as untimely. *Correa v. State*, 2006 WL 3345420 (Del. Nov. 16, 2006). Correa filed numerous pleadings alleging that he has been punished as the result of mistaken identity. On January 11, 2007, Superior Court denied Correa's several motions for post-conviction relief finding that Correa's sentence was unaffected by any mistake, to the extent one was made, that included an improper alias on Correa's sentencing order. (D.I. 190). Correa filed several other pleadings related to his mistaken identity claim. (D.I. 195, 203, 204, 205). On May 23, 2007, Superior Court entered an order dismissing Correa's petition seeking expungement. (D.I. 211); *Correa v. State*, 2007 WL 1518967 (Del. Super. Ct.).

In addition to motions for post-conviction relief and appeals, Correa also filed petitions for writs of habeas corpus in connection with his assault conviction and VOP convictions. Correa appealed two of these Superior Court orders denying state habeas petitions to the Delaware Supreme Court. The Delaware Supreme Court affirmed both orders denying state habeas relief. *Correa v. State*, 2004 WL 716762 (Del. March 25, 2004); *Correa v. State*, 2007 WL 773396 (Del. March 15, 2007).

Correa has simultaneously challenged his state convictions in this Court. On August 13, 2004, this Court dismissed Correa's petition for a writ of habeas corpus. *Correa v. Carroll*, Civ. A. No. 03-897-JJF (D. Del. Aug. 13, 2004). In that petition, Correa raised two claims for relief: (1) that the State incorrectly charged him with the crimes and released another who should have been charged, and Correa did not know what he signed when he pled guilty; and (2) that Correa told the truth, the victim lied, and the charges should have been dismissed. *Id.*, at 4. Correa, in

one of his two replies to the Answer to his petition also raised a claim that the State of Delaware did not properly credit him with the 152 days as stated in his original sentencing order. *Id*., at 8. This Court denied all three of Correa's claims as unexhausted and procedurally defaulted. *Id*., at 12.

Correa filed a second petition for writ of habeas corpus that this Court likewise dismissed. *Correa v. Carroll*, Civ. A. No. 05-703-JJF (D. Del. Nov. 20, 2006). In that petition Correa raised the claim that his first VOP sentence was illegal because he had not received credit for time previously served on the original sentence. *Id*., at 5. This Court denied Correa's claim as exhausted, but procedurally defaulted. *Id*., at 5-6.

<u>Argument</u>

Correa's petition for writ of habeas corpus does not concisely state his basis for relief. It appears to Respondents that Correa has raised one issue: that Correa's criminal history, as well as sentencing orders, improperly listed as an alias the name of David Jones, and that as a result of that wrongfully-attributed alias, Correa received an enhanced sentence when Superior Court found him guilty of a violation of probation. And although far from clear, it appears that Correa is specifically complaining about the most recent VOP sentence imposed on July 27, 2006.

Assuming that Correa's wrongfully-attributed alias claim articulates a substantive due process challenge to his sentence, his claim is nonetheless unexhausted. A state prisoner seeking federal habeas relief must first exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In order to demonstrate that a claim has been "exhausted" in state court, a petitioner must show that he presented each claim to the Delaware Supreme Court. *Bailey v. Snyder,* 855 F.Supp. 1392, 1399 (D. Del. 1993). The habeas petitioner must afford each level of the state courts a fair opportunity to address the claims.

4

*Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir. 1993). In short, Correa has not presented his claims to the Delaware Supreme Court, and thus he has failed to exhaust his state remedies. *See Rose v. Lundy*, 455 U.S. 509 (1982); *Smith v. Digmon*, 434 U.S. 332 (1978). Correa did not appeal Superior Court's July 27, 2006 order finding him guilty of a VOP to the Delaware Supreme Court. Correa did later present his wrongfully-attributed alias claim to Superior Court in various post-conviction pleadings. Even when Superior Court entered an order on January 11, 2007 denying Correa's alias claim on its merits, Correa did not appeal that order to the Delaware Supreme Court. Correa's alias claim is therefore unexhausted.

Ordinarily, a failure to exhaust state remedies results in dismissal so that the petitioner may exhaust state remedies. *Rose,* 455 U.S. at 510. If however, there is no available state remedy, the prisoner is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989). The appeal periods for both Superior Court's July 27, 2006 sentencing order and its January 11, 2007 order denying post-conviction relief have expired. Correa cannot now return to Superior Court to litigate the issue. *See Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Beatty v. Patton*, 700 F.2d 110, 112 (3d Cir. 1983); *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 2001). Were Correa to attempt to file a new motion for post-conviction relief with the hope of appealing the denial of that motion to the Delaware Supreme Court, his motion would be denied under Superior Court Criminal Rule 61(i)(1) as untimely. In addition, the claim would be barred by Rule 61(i) (3) because Correa did not raise the issue on direct appeal. Furthermore, the claim would be barred by Rule 61(i)(4) as formerly adjudicated because Superior Court already considered, and rejected, this claim in its January 2007 order. *See, e.g., Bright v. Snyder*, 218 F.Supp.2d 573, 580 (D. Del. 2002); *DeShields v. Snyder*, 829 F.Supp. 676, 692 (D. Del. 1993). Thus, because a state remedy is no

longer available to Correa, he is excused from the exhaustion requirement as to this claim. *See Teague*, 489 U.S. at 297-98.

In turn, because Correa failed to raise the improper alias claim, that claim is procedurally defaulted under state law. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and resulting prejudice, or a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750-51; *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). To demonstrate cause for the procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McClesky v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *Dawson v. Snyder*, 988 F.Supp. 783, 805 (D. Del. 1997). To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Correa has not alleged any cause for his procedural default of this claim, and the Court should accordingly dismiss his improper alias claim as being procedurally defaulted. Correa's claim is, in any event, meritless. As Superior Court made clear in its January 11, 2007 order, the allegedly improper alias had no impact on Correa's conviction or sentence: "every aspect of every matter involved with Defendant's present application concerned Guango F. Correa and only Guango F. Correa. Any mistake by the State, if any there be, as to other names by which Defendant has held himself out is utterly irrelevant to Defendant's present probationary sentence, and is entirely moot for these purposes at least." *State v. Correa*, ID No. 0205013182 (Young, J.) (Del. Super. Ct. Jan. 11, 2007). Superior Court again addressed the same claim in its May 22, 2007 order dismissing Correa's

6

petition for expungement of criminal history.  *Correa v. State*, 2007 WL 1518967 (Del. Super. Ct.).  First, Superior Court found that the State Bureau of Identification removed all references to David E. Jones from Correa's criminal history in 2005.  *Id.* at *1  ("Correa's own documentation establishes that the problem with his criminal history regarding David E. Jones has been resolved and nothing needs to be expunged from his criminal history.").  Superior Court also found that Correa was not entitled to expungement of any other alias or incorrect date of birth because that information provided an accurate reflection of his criminal history.  *Id.* at *2.  Correa's complaint regarding the existence of the alias is entirely irrelevant to his conviction and sentence.  Correa has suffered no prejudice from his failure to properly present this claim to the Delaware Supreme Court.

      Finally, Correa's petition must be dismissed pursuant to 28 U.S.C. § 2244(b) which precludes the filing of successive petitions without authorization from the court of appeals.  The United States Supreme Court has excluded from section 2244 claims that were not ripe for review at the time of filing of the first habeas petition.  *See Panetti v. Quarterman*, 127 S.Ct. 2842, 2855 (2007).  Under § 2244(b), the first step of analysis is to determine whether a claim presented in a successive habeas was presented in a prior application.  *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).  If the claim was not presented in a prior habeas application, then the analysis proceeds to whether the claim satisfies one of two narrow exceptions: the claim relies on a new rule of constitutional law made retroactively applicable on collateral review; or the factual predicate could not have been discovered through due diligence and that but for the facts underlying the constitutional error, no reasonable fact-finder would have found the petitioner guilty beyond a reasonable doubt.  *Id.*, *citing* 28 U.S.C. § 2244(b)(2).  Correa has not alleged that his improper alias claim is a new rule of constitutional law.  Correa was aware of the issue of an

7

allegedly erroneous alias as early as February 25, 2003 when Superior Court sentenced him on his underlying conviction for assault. Correa's identity claim was, therefore, ripe in 2003 when he filed his first petition for writ of habeas corpus.

The Third Circuit addressed a somewhat similar factual scenario in *Benchoff v. Colleran*, 404 F.3d 812 (3d Cir. 2005). A subsequent habeas petition that challenges the administration of a sentence is not a second or successive petition within the meaning of § 2244 if the claim had not arisen or could not have been raised at the time of the prior petition. *Id*. at 817. In *Benchoff*, the inmate had already received denials of parole at the time he filed his first petition. *Id*. at 819. The Third Circuit expressly held that an inmate is not excused from raising administration of sentence claims from a petition that attacks the legality of his conviction. *Id*. Furthermore, simply because an administration of sentence claim may not have been exhausted when the prisoner files his first habeas petition, the prisoner may not withhold the claim to provide himself with a second habeas petition. *Id*., *citing Rose v. Lundy*, 455 U.S. 509, 521 (1982). *See In re Minarik*, 166 F.3d 591, 604 (3d Cir. 1999) (petitioner is deemed to have knowledge of all facts discoverable with reasonable diligence; failure to litigate claims of which petitioner knew at time of prior habeas application constitutes an abuse of the writ).

Several other courts of appeal have also held to be successive petitions administration of sentence claims where the inmate was aware of the factual predicate of those claims at the time of his initial habeas. *See Woodberry v. McKune*, 130 F. App'x 246, 246 (10th Cir. 2005); *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003). *Cf. In re Cain*, 137 F.3d 234, 236-37 (5th Cir. 1998); *Hill v. State of Alaska*, 297 F.3d 895, 898-99 (9th Cir. 2002) (not a successive petition when inmate could not have been aware of the administration of sentence claim at the time of initial petition). Dismissal of Correa's claim here as a successive petition thus depends on a

8

finding that Correa was aware of the allegedly improper alias before he filed his first habeas petition in September 2003.  As all of the sentencing orders demonstrate, the allegedly improperly listed alias appears on each order.  Correa cannot plausibly claim that he was unaware of the alias issue until he received Superior Court's sentencing order for his second VOP.  Correa's alias claim is closely akin to a traditional administration of sentence claim.  Correa could have brought this alias claim in his first habeas petition.  The instant petition should thus be dismissed as a successive petition under § 2244(b).

Conclusion

Based on a review of the Superior Court docket, it appears that the following transcripts have been prepared:  November 18, 2002 guilty plea colloquy; February 25, 2003 sentencing; April 22, 2005 VOP hearing; and July 27, 2006 VOP hearing.  In the event that the Court deems production of these transcripts necessary, Respondents anticipate that production of such transcripts would require 90 days from the date an order by this Court.  For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/  Gregory E. Smith
Gregory E. Smith, I.D. No. 3869
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Building
Wilmington, Delaware  19801
(302) 577-8398

Dated: August 7, 2007

**CERTIFICATION OF SERVICE**

The undersigned certifies that on August 7, 2007, he electronically filed the attached *Answer* with the Clerk of Court using CM/ECF. The undersigned further certifies that on August 7, 2007 that he mailed by United States Postal Service the document(s) to the following non-registered participant:

Guango F. Correa
59 Woodside Drive
Magnolia, Delaware  19962

           STATE OF DELAWARE
           DEPARTMENT OF JUSTICE

           /s/ Gregory E. Smith
           Gregory E. Smith, ID # 3869
           Deputy Attorney General
           820 North French Street, 7th Floor
           Carvel State Building
           Wilmington, Delaware 19801
           (302) 577-8398