IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GUANGO F. CORREA, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 07-151-JJF |
| | : | |
| PERRY PHELPS,[1] Warden, and | : | |
| ATTORNEY GENERAL OF THE STATE | : | |
| OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

---

Guango F. Correa.  Pro se Petitioner.

Gregory E. Smith, Deputy Attorney General of the DELAWARE
DEPARTMENT OF JUSTICE, Wilmington, Delaware.   Attorney for
Respondents.

---

**MEMORANDUM OPINION**

May $\underline{9}$, 2008
Wilmington, Delaware

---

[1]Perry Phelps assumed his position as Warden in January,
2008, replacing former Warden Thomas Carroll, an original party
to this case.  See Fed. R. Civ. P. 25(d).

**Farnan, District Judge**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Guango F. Correa ("Petitioner"). (D.I. 1.) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

## I.  **FACTUAL AND PROCEDURAL BACKGROUND**

On May 8, 2002, Petitioner and his cousin, David E. Jones, went to the mobile home of Clifford Messick in Magnolia, Delaware and asked to use his telephone. Messick was acquainted with Petitioner because Petitioner had done some work for him in the past. After Messick admitted Petitioner and Jones into his home, Petitioner took Messick's wallet and money, and struck Messick three or four times in the face with his fist. Messick called 911 for assistance after Petitioner and Jones fled. (D.I. 19, State's Ans. Br. in Correa v. State, No.559,2003) Messick suffered cuts and bruises to his head and face as a result of the assault, and lost one of his teeth. (D.I. 15.)

On July 1, 2002, the grand jury indicted Petitioner on the charges of robbery in the first degree, second degree assault, and second degree conspiracy. In November 2002, Petitioner pled guilty to the charge of second degree assault, in exchange for which the prosecution dismissed the balance of the indictment. In February 2003, the Superior Court sentenced Petitioner to 5

1

years at Level V, with credit for 152 days previously served, suspended after serving 2 years for 9 months at Level IV, followed by decreasing levels of probation.  The Superior Court modified the sentencing order in May 2003 to provide for his participation in the Special Needs Unit rather than the Key Program.  See (D.I. 19, Correa v. State, No.559,2003, Order (Del. Mar. 25, 2004), at n.1)  Petitioner filed two appeals of his conviction and sentence, which the Delaware Supreme Court dismissed as untimely.  Correa v. State, 2003 WL 22840053 (Del. Nov. 24, 2003); Correa v. State, 2004 WL 2743522 (Del. Nov. 16, 2004).

Petitioner was released from prison.  However, in April 2005, after finding that Petitioner had violated his probation, the Superior Court and sentenced Petitioner to 3 years at Level V, suspended after 1 year for 18 months at Level III ("VOP I").  Petitioner appealed, and the Delaware Supreme Court dismissed that appeal as untimely.  Correa v. State, 2006 WL 58585 (Del. Jan. 9, 2006).

Once again, Petitioner was released from prison, and he resided with his father in Magnolia, Delaware.  On July 27, 2006, the Superior Court found Petitioner in violation of his probation for a second time following a curfew violation ("VOP II").  Consequently, the Superior Court sentenced Petitioner to 2 years at Level V, suspended after 30 days for 6 months at Level IV,

followed in turn by 1 year at Level III.  See generally (D.I. 19.)  Petitioner appealed the VOP II sentence, but the Delaware Supreme Court dismissed the appeal as untimely.[2]  Correa v. State, 913 A.2d 569 (Table), 2006 WL 3345420 (Del. Nov. 16, 2006).

Petitioner then filed several pleadings in the Superior Court alleging that the improper alias David E. Jones was attached to the VOP II order and that he was punished as the result of mistaken identity.  For example, on November 27, 2006, Petitioner filed a petition for the writ of habeas corpus.  The Superior Court denied the petition, and the Delaware Supreme Court affirmed the Superior Court's judgment because Petitioner's claim regarding an improper alias does not fall within the very limited bases for habeas relief recognized in Delaware.  Correa v. State, No.654,2006, Order (Del. Mar. 15, 2007).  Petitioner also filed a petition seeking expungement of his criminal record, alleging that David E. Jones committed several of the crimes for which Petitioner has been punished.  The Superior Court denied

---

[2]Additionally, between June 9, 2006 and June 29, 2006, Petitioner removed eight checks from his father's checkbook, wrote out the checks payable to himself, forged his father's name, and cashed the checks at the First National Bank of Wyoming.  Petitioner eventually pled guilty to a single count of identity theft in August 2006, and he was sentenced to 8 years at Level V, suspended after 6 months for 1 year at Level III probation.  See State v. Correa, ID No. 0607006 (Del. Super. Ct. Aug. 9, 2006).  Petitioner's conviction in August 2006 is not at issue in the instant Petition.

the petition on May 23, 2007.  Correa v. State, 2007 WL 1518967
(Del. Super. Ct. May 23, 2007).  Finally, in May 2007, Petitioner
filed a Rule 35(b) motion for modification of sentence.  The
Superior Court denied the Rule 35(b) motion as repetitive, and
the Delaware Supreme Court affirmed that decision.  Correa v.
State, 940 A.2d 945 (Table), 2007 WL 4110622 (Del. Nov. 20,
2007).

     Petitioner also filed two prior federal habeas petitions in
this Court.  In his first petition ("Petition I") filed in 2003,
Petitioner alleged: (1) the State incorrectly charged him with
the crimes and released another person who should have been
charged, and he did not know what he signed when he pled guilty;
(2) Petitioner told the truth but the victim lied, and therefore,
the charges should have been dismissed;  and (3) the State of
Delaware did not properly credit him with the 152 days as stated
in the original sentencing order.  The Court denied all three of
the claims as procedurally barred because they were procedurally
defaulted at the State Court level.  See Correa v. Carroll, 2004
WL 1822123 (D. Del. Aug. 13, 2004).

     Petitioner filed a second petition ("Petition II") in 2005,
arguing that the Superior Court imposed an illegal sentence for
the VOP I because he had not received credit for time previously
served on the original sentence.  The Court denied this sole
claim as exhausted, but procedurally defaulted.  See Correa v.

                                4

<u>Carroll</u>, 2006 WL 3366417 (D. Del. Nov. 20, 2006).

Petitioner filed the Petition pending before the Court on March 14, 2007, and the State filed an Answer in opposition. (D.I 1; D.I. 15.)  The Petition is now ready for review.

## II.   **EXHAUSTION AND PROCEDURAL DEFAULT**

Absent exceptional circumstances, a federal court cannot review the merits of claims asserted in a habeas petition unless the petitioner has exhausted all means of available relief for the claims under state law.  28 U.S.C. § 2254(b);  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842-44 (1999);  <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971).  A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the state courts to consider it on the merits.  <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995);  <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989);  <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997).  If a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted.  <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 749-750 (1991);  <u>Harris v. Reed</u>, 489 U.S. 255, 260-64 (1989); <u>Lines</u>, 208 F.3d at 160.

5

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. Murray, 477 U.S. at 496; Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual

6

innocence means factual innocence, not legal insufficiency.
Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477
U.S. at 496. A petitioner establishes actual innocence by
asserting "new reliable evidence - whether it be exculpatory
scientific evidence, trustworthy eyewitness accounts, or critical
physical evidence - - that was not presented at trial," showing
that no reasonable juror would have voted to find the petitioner
guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d
333, 339-40 (3d Cir. 2004).

## III. DISCUSSION

Although inartfully presented, Petitioner's sole habeas
claim appears to allege that the Superior Court improperly
"enhanced" Petitioner's VOP II sentence due to the Superior
Court's incorrect understanding that David E. Jones was one of
Petitioner's aliases. The State argues that the Court must
dismiss the Petition as second or successive, or as procedurally
barred. The Court will consider each of these arguments for
dismissal in seriatim.

### A. The Petition Must Be Dismissed As Second Or Successive

Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must
obtain permission from the appropriate court of appeals before
filing a second or successive habeas petition in a federal
district court. If a petitioner erroneously files a second or
successive habeas petition in a district court without first

obtaining permission from the court of appeals, "the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).

Generally, a habeas petition is classified as second or successive if a prior petition has been decided on the merits, the subsequent petition asserts a claim that could have been raised in the prior habeas petition, and the prior and subsequent petitions challenge the same conviction. See In re Olabode, 325 F.3d 166, 169-73 (3d Cir. 2003); cf. Slack v. McDaniel, 529 U.S. 473, 485-86 (2000)("a habeas petition filed in the district court after an initial habeas petition was unadjudicated on the merits and dismissed for failure to exhaust state remedies is not a second or successive petition"); 28 U.S.C. § 2244(a). Additionally, in Benchoff v. Colleran, the Third Circuit Court of Appeals held that a subsequent petition which challenges the administration of a sentence, as opposed to the petitioner's conviction, will still constitute a second or successive petition if the petitioner "knew of all the facts necessary to raise" the sentence administration claim prior to the filing of the initial petition. 404 F.3d 812, 817-18 (3d Cir. 2005).

Petitioner filed two previous habeas petitions in the Court. Petition I, filed in September 2003, challenged the legality of Petitioner's underlying conviction. Petition II, filed in

8

September 2005, challenged the VOP I sentence issued by the
Superior Court in April 2005.   The instant Petition does not
challenge the legality of Petitioner's underlying conviction or
the legality of the VOP I sentence, but rather, it challenges the
calculation of the VOP II sentence imposed in July 2006.
According to Petitioner, his Delaware criminal history sheet and
his Delaware sentencing orders improperly listed the name of
David E. Jones as one of his aliases, which, in turn, caused the
Superior Court to wrongfully impose an enhanced sentence in the
VOP II proceeding.   The Court construes this claim to challenge
the administration of Petitioner's sentence.   Therefore, the
Court must determine whether the Petition constitutes a second or
successive petition under the doctrine articulated in Benchoff.

    In this case, Petitioner pled guilty to second degree
assault of Mr. Messick in November 2002.   The Superior Court
issued a modified sentence order on May 14, 2003, and attached to
the order a list of 11 aliases, including the name David E.
Jones.   Clearly, then, Petitioner was aware of the improper alias
when he filed Petition I in September 2003.

    Additionally, the record contains a letter from the Superior
Court to Petitioner, dated November 24, 2003, discussing
Petitioner's contention regarding the David E. Jones alias.   In
the letter, the Superior Court describes how Petitioner actually
caused the confusion over the incorrect alias by filing documents

9

in the Delaware State Courts as "Guango F. Correa a/k/a David E.
Jones," and explains that Petitioner must contact the State
Bureau of Identification to correct any misidentification of
Petitioner as David E. Jones. (D.I. 19, Del. Super. Ct. Letter
dated Nov. 24, 2003.)  The record also contains a letter to
Petitioner from the Identification and Investigative Services of
the FBI, dated July 6, 2005, discussing Petitioner's assertion
that another person used his name when arrested and that the
person's offenses were on Petitioner's record.  Id.  The letter
from the FBI lists the addresses for the State Bureau of
Identification and the Delaware Department of Correction.  Id.

     Once again, it is clear that Petitioner was aware of the
allegedly erroneous alias attributed to him before he filed
Petition II in this Court.  Therefore, the Court concludes that
the instant Petition constitutes a second or successive petition
within the meaning of 28 U.S.C. § 2244 because the factual
predicate for the instant improper alias claim could have been
asserted in either Petition I or Petition II.  See e.g. O'Neal v.
Levi, 2008 WL 687264 (E.D. Pa. Mar. 10, 2008).

     The record is clear that Petitioner has not obtained leave
from the Court of Appeals for the Third Circuit to file his new
Petition.  Accordingly, the Court will dismiss the Petition
pursuant to 28 U.S.C. § 2244(b)(3) for lack of jurisdiction.

10

**B.   The Petition Must Be Dismissed As Procedurally Barred**

Alternatively, if the Petition is not second or successive, the Court concludes that it must be dismissed as procedurally barred.  Petitioner presented a similar "improper alias" claim to the Delaware Supreme Court when he appealed the VOP II sentence imposed by the Superior Court, but the Delaware Supreme Court dismissed the appeal as untimely under Delaware Supreme Court Rule 6.  See (D.I. 19.); Correa v. State, 913 A.2d 569 (Table), 2006 WL 3345420 (Del. Nov. 16, 2006).  This Court has consistently held that a dismissal pursuant to Delaware Supreme Court Rule 6 constitutes a procedural default under the independent and adequate state procedural rule doctrine.  See Kirby v. Delaware Via Detainer, 2001 WL 641729, at *3 (D. Del. May 29, 2001) (collecting cases).  By denying Petitioner's claim under Rule 6, the Delaware Supreme Court plainly stated that its decision rested on state law grounds.  Harris v. Reed, 489 U.S. 255, 263-64 (1989).  Therefore, Petitioner's improper alias claim is exhausted but procedurally defaulted, and the Court is barred from reviewing the merits of the claim unless Petitioner shows cause for the default and prejudice resulting therefrom, or that a miscarriage of justice will occur if the claims are not reviewed.[3]

---

[3]The record reveals that Petitioner presented the improper alias claim to the Delaware Supreme Court on two other occasions: first, when he appealed the Superior Court's denial of his

11

Petitioner has not alleged any cause for his default. Moreover, the Court concludes that Petitioner cannot demonstrate any prejudice stemming from the alleged erroneous alias. The record reveals that the State Bureau of Identification removed all references to David E. Jones from Petitioner's criminal history in 2005,[4] and Petitioner's instant challenge involves the VOP II sentence he received in July 2006. Therefore, Petitioner cannot demonstrate how the improper David E. Jones alias actually affected the VOP II sentence.

_____

petition for a writ of habeas corpus, and second, when he appealed the Superior Court's denial of a Rule 35(b) motion.   For example, in  Correa v. State, No.654,2006, Order (Del. Mar. 15, 2007), the Delaware Supreme Court refused to review the merits of the claim because it was improperly raised in a petition for the writ of habeas corpus.   In Correa v. State, 940 A.2d 945 (Table), 2007 WL 4110622 (Del. Nov. 20, 2007), the Delaware Supreme Court refused the review the merits of the claim because the Rule 35(b) motion was repetitive.   However, a petitioner does not exhaust state remedies by presenting a claim in an improper procedural manner. See, e.g., Nickerson v. Snyder, 2002 WL 237869, at *2 (Feb. 1, 2002);  Castille, 489 U.S. at 351.   Therefore, in these circumstances, Petitioner did not exhaust state remedies by presenting his improper alias claim to the Delaware Supreme Court during his state habeas appeal or during his Rule 35(b) appeal.

The Court also notes that, at this juncture, Petitioner cannot return to the Delaware State Courts to litigate the improper alias issue because the appeal periods for all of the Superior Court's decisions regarding the VOP II sentence have expired.   Additionally, if Petitioner filed a new Rule 61 motion raising this claim, it would be denied as untimely under Rule 61(i)(1), as procedurally defaulted under Rule 61(i)(3), and as formerly adjudicated under Rule 61(i)(4).   See e.g. Bright v. Snyder, 218 F. Supp. 2d 573, 580 (D. Del. 2002).

[4]See Correa v. State, 2007 WL 1518967 (Del. Super. Ct. May 22, 2007).

Finally, the miscarriage of justice exception to the procedural default doctrine does not excuse Petitioner's default because he has not provided new reliable evidence of his actual innocence. Accordingly, the Court will alternatively deny Petitioner's sole habeas claim as procedurally barred.

## IV.   CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas claim does not warrant relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Therefore, the Court declines to issue a certificate of appealability.

## V.   CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.

An appropriate Order will be entered.

13